## Commonwealth Life Insurance Co. v. Hughes, et al.

(Decided December 1, 1911.)

### Appeal from McCracken Circuit Court.

Insurance, Life—Suicide Clause—Attempted Settlement by Company— Consideration—Pleading.—A policy of insurance contained the provision that should the insured, whether sane or insane, commit suicide within a year from the date of the contract that the liability of the company should be limited to the amount paid thereon. Shortly after the death of the insured the company's adjuster paid $7.56 to the beneficiary, under the above stipulation, representing that the insured had committed suicide within a year from the issual of the policy, and for that reason the company was only entitled to pay that sum. Subsequently, the beneficiary sued upon the contract of insurance, alleged that she was induced to sign the receipt in settlement by the fraud of appellant's agent, and sought to recover the face of the policy, less the amount paid her. Appellant answered denying liability, denied the settlement was procured by fraud,

and pleaded the suicide in bar of a recovery. Appellees filed a reply denying that the insured committed suicide, or that the execution of the receipt constituted a settlement and averred that the surrender of the policy was without consideration. Held, that the affirmative matter of the reply not being controverted, the trial court properly ruled that the burden was on appellant, and it declining to introduce any evidence in support of its defense, the trial court properly directed the jury to find for the appellee. (See Advance Sheets, ante, page, 608.)

WHEELER & HUGHES for appellant.

HENDRICK & CRICE and S. H. CROSSLAND for appellees.

OPINION OF THE COURT BY JUDGE SETTLE—Affirming.

The judgment of the circuit court from which this appeal was taken, was reversed, September 29th, 1911, the opinion of the court being reported in Advance Sheets, Kentucky Reports, at page 608. Appellees have filed a petition for rehearing in which it is earnestly contended that the reversal resulted from a misapprehension an our part of the issues presented by the pleadings, and as a re-examination of the pleadings has convinced us of the soundness of this contention, we gladly correct the error by rendering a second opinion conforming to our present view of the case, reproducing therein so much of the former opinion as manifests the facts out of which the litigation arose. In that opinion it is said:

"The appellant issued and delivered, September 13, 1909, to Halleen Hughes, a policy insuring her life in the sum of $300, payable at the death of the insured to her mother, Blanche Hughes. The premium amounting to $7.56 required by the policy, was paid by the insured as provided by its terms. On April 29, 1910, and while the policy was in force, the insured died. The policy of insurance contained the following provision:

" 'Should the insured, whether sane of insane, commit suicide within one year from the date of this contract, the liability of this company shall be limited to the amount of premium paid thereon.' "

Shortly after the death of the insured proofs thereof were duly furnished the insurance company by the beneficiary, and later its adjuster called upon her and paid her $7.56, in settlement of her claim under the policy, representing that the insured had committed suicide within one year from the date of the policy, for

which reason she was only entitled under the stipulation of the policy, quoted above, to the amount of premium paid thereon, namely, $7.56.

At the time of receiving the $7.56, appellee was required by appellant to execute to it the following receipt:

"Louisville, Kentucky, May 11, 1910.

"Received of Commonwealth Life Insurance Company Seven 56-100 Dollars, $7.56, in full settlement and satisfaction of all claims under policy No. 85,208, for $300, issued by the Commonwealth Life Insurance Company, on the life of Halleen Hughes, Paducah, Kentucky, who died April 29, 1910.

"BLANCHE E. HUGHES,
"1410 Harrison St.
"Paducah, Ky.

"Witness, J. R. DOWELL,
"618 Broadway."

On October 11th, 1910, appellee, together with her husband, sued appellant in the court below setting forth in the petition the contract of insurance between Halleen Hughes and appellant as evidenced by the policy in question, the payment of all premiums thereon by the insured, the furnishing of proofs of the latter's death to appellant, and its refusal to pay to the beneficiary the $300 insurance claimed under the policy. In the prayer of the petition judgment was asked against appellant for this amount, less the $7.56, received by appellant at the time of the execution of the receipt referred to.

The petition contained the admission that the appellee, Blanch Hughes, executed the receipt, but alleged in substance that she was induced to do so by the fraudulent representations of appellant's agent that the insured had committed suicide and that $7.56, the amount then paid her, was all she was entitled to under the policy; that these representations were false, but that in ignorance of her rights, she relied upon the same, not knowing them to be false at the time; and that by reason of the fraud thus practiced upon her she was induced to accept the settlement, supposed to be evidenced by the receipt and to surrender to appellant the policy.

The appellant's answer denied any liability under the policy to appellee; also denied that the settlement with appellee shown by the receipt, or that the execution of the receipt by her, was procured by any fraud or false representation upon the part of its agent, or that she

was induced by reason of such fraud or misrepresentation to accept the settlement, or surrender the policy.

Following these denials the answer alleged the death of the insured, Halleen Hughes, by suicide, within a year of the date of the policy, and that by reason thereof appellant's liability on the policy was limited to the amount of the premium paid by insured which was $7.56; that appellant paid this amount to appellee, and it was accepted by her in full satisfaction of her claim under the policy. This settlement was pleaded as a full accord and satisfaction of appellee's claim and a bar to the action.

Appellee's reply contained two paragraphs: The first denying that the insured committed suicide, or that the suicide clause in the policy was any part of the consideration for the issual of same; and also denied that the payment of $7.56 made by appellant, or the execution by her of the receipt therefor, constituted a settlement. In the second paragraph it was averred that the receipt executed by appellee and her surrender of the policy were without consideration.

When the case was called for trial the court ruled that the burden of proof was upon appellee. She then took the witness stand and proceeded to testify in her own behalf; but before her cross-examination was concluded, the court announced a change of mind as to the burden of proof and ruled that it was upon appellant. Thereupon, appellee was by the court made to leave the witness stand and her testimony excluded from the jury. Appellant objected to taking the burden of proof and excepted to the rulings of the court requiring it to do so.

The court then made the further announcement that it would proceed with the trial and directed appellant to introduce its evidence, which it declined to do, and thereupon the jury, by the court's instruction, returned a verdict in favor of appellee for the $300 sued for, credited by the $7.56 paid her by appellant, May 10th, 1910, and judgment was entered in accordance with the verdict.

Appellant also excepted to the rulings of the court in thus proceeding with the trial and requiring it to introduce its evidence before that of appellee was introduced. It likewise objected to the peremptory instruction and excepted to the action of the court in giving same. Appellant was refused a new trial, hence this appeal.

The pleadings present no controversy as to the facts that the contract of insurance, including the suicide clause, was all contained in the policy delivered to insured; that the insured died within one year from the date of the contract; and that there had been but $7.56 paid in premiums on the policy prior to the death of the insured; and that after the death of the insured appellant paid appellee, as beneficiary named in the policy, $7.56, for which the latter executed to it a receipt which recites that the amount was received by her "in full settlement and satisfaction of all claims under the policy, asserted by her."

The former opinion in attempting to set forth what was alleged in the petition as to appellee's surrender of the policy to appellant and its payment to her of the $7.56, makes the mistake of saying that its agent represented to her that the insured, Halleen Hughes, had committed suicide. As a matter of fact the petition did not so state. The appellant's answer first brought into the case the question of the suicide of the insured and relied on it, as well as the settlement, to defeat a recovery. Appellee's reply, however, did as the opinion stated, deny that the insured had committed suicide, and alleged that the receipt of appellee, Blanche Hughes, executed to appellant, and her surrender to it of the policy, were without consideration.

This brings us to the real error in the former opinion, viz.: Its assumption that the averments of the reply referred to had been denied. In point of fact the record fails to show that the affirmative matter of the reply was controverted, it therefore follows, as contended in the petition for rehearing, that the reversal of the judgment should not have resulted. In other words, according to the pleadings, appellees sought to recover upon the policy the full amount of the policy because of the death of the insured. The answer denied liability and affirmatively pleaded the death of the insured by suicide, which, if true, released it from liability upon the policy, except for premiums paid thereon; and also pleaded the payment to the beneficiary, of the premium. These affirmative pleas were denied by appellees' reply, which attacked the settlement by an affirmative plea that "it was without consideration." As these averments of the reply were uncontroverted, and, therefore, to be taken as confessed, the only issue presented by the pleadings was as to the question of suicide, affirmatively pleaded

by the answer and denied by the reply, and upon this single issue the burden of proof was on appellant. Mut. Ben. Life Ins. Co. v. Davis, 87 Ky., 541. The trial court, therefore, properly ruled that the burden of proof was on the appellant and as it declined to introduce any evidence in support of its only ground of defense, and all other averments of appellees' essential to a recovery were confessed, there was nothing for the court to do but direct the jury to find for appellees, as was done.

For the reasons herein indicated the rehearing asked by appellees is granted, the former opinion in so far as it conflicts with the conclusions we now express, is withdrawn, and the judgment of the circuit court affirmed.